IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| MONRELL D. MURPHY,<br><br>                                      Plaintiff,<br><br>v.<br><br>C. PIERCE, et al.,<br><br>                                      Defendants. | Case No. 2:21-cv-01789-KJN<br><br>[PROPOSED] ORDER GRANTING DEFENDANTS' MOTION TO STAY DISCOVERY<br><br>Judge:       Hon. Kendall J. Newman<br>Trial Date:   None Set<br>Action Filed: September 28, 2021 |

Defendants C. Pierce and J. Lebeck filed a motion to stay discovery pending resolution of their motion to dismiss based on Heck v. Humphrey, 512 U.S. 477, 480 (1994), and Edwards v. Balisok, 520 U.S. 641, 643 (1997). As set forth below, the undersigned grants defendants' motion to stay discovery.

Legal Standard

A party may seek a protective order that stays discovery pending resolution of a dispositive motion such as a motion to dismiss pursuant to Federal Rule of Civil Procedure 21(b)(6). Wenger v. Monroe, 282 F.3d 1068, 1077 (9th Cir. 2002) (affirming district court's grant of protective order staying discovery pending resolution of motion to dismiss). Federal Rule of Civil Procedure 26 states "[t]he court may, for good cause, issue an order to protect a party or person

from annoyance, embarrassment, oppression, or undue burden or expense," including forbidding discovery. Fed. R. Civ. P. 26(c)(1). The party seeking a protective order has the burden "to 'show good cause' by demonstrating harm or prejudice that will result from the discovery." Rivera v. NIBCO, Inc., 364 F.3d 1057, 1063 (9th Cir. 2004).

"[T]he Federal Rules of Civil Procedure does not provide for automatic or blanket stays of discovery when a potentially dispositive motion is pending." Mlejnecky v. Olympus Imaging Am. Inc., 2011 WL 489743, at *6 (E.D. Cal. 2011). District courts do not favor blanket stays of discovery because "delaying or prolonging discovery can create unnecessary litigation expenses and case management problems." Salazar v. Honest Tea, Inc., 2015 WL 6537813, at *1 (E.D. Cal. 2015) (citing Simpson v. Specialty Retail Concepts, Inc., 121 F.R.D. 261, 263 (M.D. N.C. 1988)). When evaluating a motion to stay, district courts "inevitably must balance the harm produced by a delay in discovery against the possibility that the motion will be granted and entirely eliminate the need for such discovery." Simpson, 121 F.R.D. at 263.

District courts in the Ninth Circuit often apply a two-pronged test to decide whether to stay discovery. Mlejnecky, 2011 WL 4889743, at *6; Seven Springs Ltd. P'ship v. Fox Capital Mgmt. Corp., 2007 WL 1146607, at *1 (E.D. Cal. 2007). The first prong requires that the pending motion "be potentially dispositive of the entire case, or at least dispositive on the issue at which discovery is aimed." Id. The second prong requires the court to "determine whether the pending, potentially dispositive motion can be decided absent additional discovery." Id. If either prong is not met, discovery should proceed. Id.

Discussion

After reviewing the motion and documents in support, as well as plaintiff's opposition and reply, the Court finds good cause to grant the motion to stay discovery. In their motion to dismiss, defendants contend that all of plaintiff's claims are barred by Heck. If defendants' motion is granted, it could dispose of the entire case. If the court finds that all of plaintiff's claims are barred by Heck, the case would be dismissed without prejudice. Moreover, the undersigned has reviewed defendants' motion to dismiss, plaintiff's opposition, and defendants' reply, and finds the pending motion to dismiss can be decided without discovery. Indeed,

plaintiff does not argue or otherwise demonstrate that discovery is necessary to decide the potentially dispositive motion. In addition, even if only some portion of defendants' motion to dismiss is granted, discovery as to any dismissed portion would be unnecessary. Therefore, the undersigned exercises his discretion to stay discovery pending resolution of defendants' motion to dismiss. Once defendants' motion to dismiss is resolved, the court will, if appropriate, issue a discovery and scheduling order. Until that time, all discovery is stayed pending the district court's ruling on defendants' motion to dismiss.

In light of this order, plaintiff's motion to compel discovery is denied without prejudice to renewal following resolution of defendants' motion to dismiss.

Accordingly, IT IS HEREBY ORDERED that:

1. Defendants' motion to stay discovery (ECF No. 22) is granted;

2. Discovery is stayed pending resolution of defendants' motion to dismiss plaintiff's complaint; and

3. Plaintiff's motion to compel (ECF No 29) is denied without prejudice.

Dated:  June 13, 2022

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/murp1789.sty.dsc