UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MONRELL D. MURPHY, | No. 2: 21-cv-1789 TLN KJN P |
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| C. PIERCE, et al., | |
| Defendants. | |

Plaintiff, a state prisoner, proceeds without counsel and with a civil rights action pursuant to 42 U.S.C. § 1983.  Pending before the court is defendants' motion to revoke plaintiff's in forma pauperis status pursuant to 28 U.S.C. § 1915(g) ,which is fully briefed.  For the reasons stated herein, the undersigned recommends that defendants' motion be denied.

<u>Background</u>

At the time plaintiff filed this action on September 28, 2021, plaintiff was housed at the California Correctional Institution in Tehachapi, California.  In his original complaint, plaintiff alleged defendants Pierce, Lopez and Lebeck used excessive force on plaintiff on February 21, 2020, while plaintiff was housed at California State Prison, Sacramento, and alleged defendant Pierce was deliberately indifferent to plaintiff's serious mental health needs, and that defendants Pierce and Lebeck retaliated against plaintiff.  Subsequently, plaintiff was transferred to High Desert State Prison.

1

Governing Standards

The Prison Litigation Reform Act of 1995 ("PLRA") permits a federal court to authorize the commencement and prosecution of any suit without prepayment of fees by a person who submits an affidavit indicating that the person is unable to pay such fees. However, a prisoner may not proceed in forma pauperis

> if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). Such rule, known as the "three strikes rule," was "designed to filter out the bad claims [filed by prisoners] and facilitate consideration of the good." Coleman v. Tollefson, 575 U.S. 532, 535 (2015) (quoting Jones v. Bock, 549 U.S. 199, 204 (2007)).

Once a prisoner has sustained three strikes, section 1915(g) prohibits the pursuit of any subsequent in forma pauperis civil action or appeal in federal court unless the prisoner "makes a plausible allegation that [he] faced 'imminent danger of serious physical injury' at the time of filing." Andrews v. Cervantes, 493 F.3d 1047, 1051-52 (9th Cir. 2007) (quoting 28 U.S.C. § 1915(g)). "[T]he PLRA [also] requires a nexus between [any] alleged imminent danger and the violations of law alleged in the prisoner's complaint." Ray v. Lara, 31 F.4th 692, 700 (9th Cir. April 11, 2022). Thus, to qualify for an exception, "a three-strikes prisoner must allege imminent danger of serious physical injury that is both fairly traceable to unlawful conduct alleged in his complaint and redressable by the court." Id. at 701.

Discussion

Did Plaintiff Sustain Three Strikes?

Defendants argue that plaintiff is a serial litigant, and three of his prior lawsuits were dismissed for failure to state a claim upon which relief may be granted and/or for frivolity. (ECF No. 50-1 at 2.) The undersigned grants defendant's request for judicial notice and discusses plaintiff's prior cases below. See, e.g., Bennett v. Medtronic, Inc., 285 F.3d 801, 803 n.2 (9th Cir. 2002) ("[W]e may take notice of proceedings in other courts, both within and without the

2

federal judicial system, if those proceedings have a direct relation to matters at issue") (internal quotation omitted).

      1. <u>Murphy v. Caden</u>, Case No. 5:03-cv-1366 (N.D. Cal.) (ECF No. 50-1 at 4.) Plaintiff does not contest that this case counts as a strike. (ECF No. 51.) Indeed, it was dismissed on July 21, 2005, for failure to state a cognizable claim under § 1983 and for failure to prosecute, with leave to amend, but plaintiff failed to file an amended complaint, despite being granted an extension of time to do so. (ECF No. 50-2 at 58-76.) As argued by defendants, this case counts as a § 1915(g) strike. See <u>Harris v. Mangum</u>, 863 F.3d 1133, 1143 (9th Cir. 2017).

      2. <u>Murphy v. Diaz</u>, Case No. 2:19-cv-1422 (E.D. Cal.). Plaintiff does not contest that this case counts as a strike. (ECF No. 51.) On June 10, 2021, this case was dismissed for failure to state a claim (ECF No. 50-2 at 105-06) and therefore constitutes a strike.

      3. <u>Murphy v. Diaz</u>, No. 2:19-cv-5034 (C.D. Cal.) (hereafter "Diaz"). In this case, filed in July of 2019, plaintiff claimed that correctional officer defendants misclassified staff complaints as ordinary appeals. (ECF No. 50-2 at 119-252 (Defts.' Ex. 14).) On May 11, 2022, the magistrate judge found plaintiff was attempting to obtain "the proverbial second bite of the apple," by pursuing claims arising from the same facts alleged in <u>Murphy v. S. Kern</u>, Case No. 2:18-cv-10150 FLA (ADS) (C.D. Cal. Dec. 6, 2018) (hereafter "<u>Kern</u>"), which were subsequently released according to a settlement agreement, and recommended that the motion for judgment on the pleadings be granted. (ECF No. 50-2 at 253-51 (Defts.' Ex. 16).) On September 16, 2022, the district court adopted the findings and recommendations and entered judgment. (ECF No. 50-2 at 262-65 (Defts.' Ex. 16).)

    <u>The Parties' Arguments</u>

Here, defendants argue that the dismissal in <u>Diaz</u> should be considered a strike because the plaintiff's failure to file the action in good faith equates to a finding of frivolity. (ECF No. 50-1 at 5.) Defendants also argue that the dismissal in <u>Diaz</u> should be considered a strike on the grounds that it fails to state a claim upon which relief may be granted. (ECF No. 50-1 at 6.) Finally, defendants contend that although the dismissal in <u>Diaz</u> was the result of a motion for judgment on the pleadings rather than the initial screening order or a motion to dismiss, the

1 outcome is the same.  (ECF No. 50-1 at 6.) (citing see Knapp v. Hogan, 738 F.3d 1106, 1109 (9th Cir. 2013), and El-Shaddai v. Zamora, 833 F.3d 1036, 1042 (9th Cir. 2016); see also, e.g., Evans v. Brown, 2018 WL 3219418, at *3 (N.D. Cal. July 2, 2018) (counting case dismissed on motion for judgment on the pleadings as a strike).)

In opposition, plaintiff argues that he did not suffer a dismissal of his claims in Diaz but rather received an adjudication on the pleadings as evidenced by the entry of judgment on September 16, 2022.  (ECF No. 51 at 2.)  He points out that the district judge made express findings:

> Plaintiff's reliance on [Cal. Civ. Code] Section 1668 is unavailing, however, because the statute voids only those contracts that waive liability for future violations of the law.  [citations omitted]  ("We are not aware of any case law applying section 1668 to torts where all elements are past events. . . . . the weight of authority recogniz[e] that section 1668 applies only to concurrent or future torts."); . . . .

(ECF No. 50-2 at 264.)  Plaintiff argues that because the application of section 1668 is a contested question of law, this case cannot be characterized as frivolous or malicious.  (ECF No. 51 at 2.)

Further, plaintiff contends that Diaz was not filed in bad faith because his Kern case was filed first, then he filed Diaz, then Kern was settled, and then Diaz was dismissed due to the preclusive effect of the settlement agreement in Kern.  Such timing distinguishes plaintiff's circumstances from those cited by defendants where the plaintiffs filed claims precluding suit after the prior case was settled because the preclusive effect of the Kern settlement did not occur until the Kern case was settled, with a broad release, which did not take place until after plaintiff filed the Diaz case.

In addition, plaintiff argues that the order adjudicating the motion for judgment on the pleadings was based on evidentiary grounds, as it was in El-Shaddai, because claim preclusion analysis looks to the intent of the parties rather than to general principles of claim preclusion, and plaintiff objects that the order granting the motion for judgment on the pleadings does not state that the dismissal was granted because the case was frivolous, malicious, or failed to state a claim, as the court required in El-Shaddei.

////

In reply, defendants point out that the district court's order in Diaz demonstrates there was no contested question of law based on Section 1668, because Section 1668 "voids only those contracts that waive liability for future violations of the law, and the broad waiver in Kern only applied to past conduct. Defendants contend that the timing of the Kern settlement is not relevant because the claims in both cases arose from the "same string of events" (and named common defendants), and thus Diaz was frivolous at the time of filing, whether or not plaintiff later settled Kern. (ECF No. 52 at 4.) Finally, defendants contend that plaintiff misstates the law in connection with his argument that because Diaz was dismissed on a motion for judgment on the pleadings, which considered the settlement agreement in Kern, such case cannot count as a strike. (ECF No. 52 at 4.) While the procedure used to obtain a dismissal is considered, defendants argue it is not dispositive.

### Discussion

The undersigned is not required to decide whether or not Diaz constitutes a strike because Diaz was not dismissed until September 16, 2022, after the instant action was filed on September 28, 2021. Tagle v. Anderson, 2017 WL 11440990, at *1 (9th Cir. May 18, 2017) (reversing district court's decision denying in forma pauperis status because the three prior dismissals relied upon by the district court were dismissed after Tagle filed the instant litigation in the district court); see 28 U.S.C. § 1915(g) (forbidding prisoners from proceeding in forma pauperis "if the prisoner has, on 3 or more prior occasions, . . . brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted") (emphasis added). While defendants are correct that plaintiff filed Diaz before he filed the instant action, the Diaz case was not dismissed until after plaintiff filed this action. Therefore, Diaz cannot count as a strike under § 1915(g) because it was not dismissed prior to the filing of this action.

### Plaintiff's Surreply

In plaintiff's reply, plaintiff claimed that defendants' motion was moot because plaintiff has now paid the court's filing fee. The financial department of the court confirms that plaintiff has paid the court's filing fee in full.

Orders and Recommendations

Accordingly, IT IS HEREBY ORDERED that defendants' request for judicial notice (ECF No. 50-2) is granted.

Further, IT IS RECOMMENDED that defendants' motion to revoke plaintiff's in forma pauperis status (ECF No. 50) be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: December 13, 2023

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/murp1789.mtd.1915